UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIEN SCOTT LASTER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:24-cv-00796-CDB  (SS)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF COURT TO ISSUE SUMMONS, SCHEDULING ORDER, AND CONSENT OR REQUEST FOR REASSIGNMENT DOCUMENTS<br><br>(Doc. 2) |

Brien Scott Laster ("Plaintiff") filed a complaint in this action on July 10, 2024, seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (Doc. 1). Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* (or "IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). For the following reasons, the Court finds issuance of the new case documents and Plaintiff's application to proceed *in forma pauperis* appropriate.

**I.    Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a). Here, the Court has reviewed Plaintiff's application and financial status affidavit (Doc. 2) and

finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

## II.     Screening Requirement

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982).  The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678.  When factual allegations are well-pled, a court should assume their truth

and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. (*Id.*)  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Discussion and Analysis**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1).  The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

On June 30, 2021, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (Doc. 1 at ¶ 7).  Thereafter, Plaintiff filed a request for review to the Appeals Council. *Id*. at ¶ 8.  On August 22, 2022, the Appeals Council denied Plaintiff's request, at which time the ALJ's decision became the final decision of the Commissioner. *Id*. On October 19, 2022, Plaintiff filed a complaint in the United States District Court seeking judicial review of the Commissioner's final decision. *Id*. at ¶ 9.

On May 22, 2023, the District Court granted the parties' stipulation for voluntary remand and ordered Plaintiff's case to be remanded to the Social Security Administration for a new decision. *Id*. at ¶ 10.  The ALJ issued a new unfavorable decision again finding that Plaintiff was not disabled on May 20, 2024. *Id*. at ¶ 11.  The Appeals Council did not assume jurisdiction of the remanded case, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. *See* 20 C.F.R. § 404.984(a).  Plaintiff filed this action on July 10, 2024. (Doc. 1).

1 Thus, Plaintiff's complaint is timely. Plaintiff states that he resides in Tulare County, California.
2 *Id*. at ¶ 1. Therefore, the Court has jurisdiction over this action.

### V. Conclusion and Order

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits. ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED. The Clerk of Court is directed to issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request for Reassignment; and 4) a Consent to Assignment or Request for Reassignment form.

IT IS SO ORDERED.

Dated: **July 11, 2024**

UNITED STATES MAGISTRATE JUDGE